UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:14-cv-00426-MMH-JRK

INTERLINE BRANDS, INC.,

     Plaintiff,

v.

AIG SPECIALTY INSURANCE
COMPANY, f/k/a Chartis Specialty Lines
Insurance Company, f/k/a American
International Specialty Lines Insurance
Company; LIBERTY MUTUAL FIRE
INSURANCE COMPANY; LIBERTY
INSURANCE CORPORATION,

     Defendants.

_____ /

### DEFENDANT, AIG SPECIALTY INSURANCE COMPANY'S, MOTION TO DISMISS IN PART, OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENTS IN PART

Defendant, AIG Specialty Insurance Company, pursuant to Rule 12(b)(1) and (6)

of the Federal Rules of Civil Procedure, moves this Court for an Order which dismisses

in part Plaintiff's Complaint, or in the alternative, pursuant to Rule 12(e) of the Federal

Rules of Civil Procedure, for an Order requiring more definite statements in part and

states as follows:

Plaintiff's request for damages in the "wherefore" clause should be dismissed for

failure to state a claim upon which relief may be granted and because it is premature.

Plaintiff's request for a declaration as to the duty to indemnify should be dismissed

because it is premature.   Plaintiff's request for declaratory relief with respect to the matters alleged in paragraph 59 of the complaint, including defense obligations, should be dismissed for lack of jurisdiction and failure to state a claim upon which relief may be granted.   In the alternative Plaintiff should be ordered to provide more definite statements with respect to the matters alleged in paragraph 59 (a) through (c).   Plaintiff should be ordered to provide a more definite statement with respect to the unidentified cases or claims against Interline mentioned in paragraph 36 of the complaint.

## PERTINENT ALLEGATIONS

Plaintiff, Interline Brands, Inc. ("Interline"), filed this "Complaint for Declaratory Relief and Damages" against, *inter alia*, AIG Specialty Insurance Company ("AIG").   It is alleged that AIG, which issued multiple commercial general liability insurance policies to Interline, is defending Interline, under reservation of rights, against eleven lawsuits which are <u>presently pending</u> against Interline in the State of New Jersey.   (Doc 1, ¶¶ 8, 35, 45, 57).   The Underlying Lawsuits allege that Interline, six or seven specifically named other defendants in the Underlying Lawsuits,[1] and John Does (1-100), were "manufacturers, suppliers, and/or designers of toilet supply lines, coupling nuts, and/or other components associated with toilet supply lines;" the toilet supply lines were used to connect toilets at various properties; and the coupling nuts which secured the supply lines to the toilet tanks fractured, causing water damage to the various properties. (Composite Exhibit D, *e.g.* Doc. 1-4, pp. 10-11).

---

[1] Three of the Underlying Lawsuits specifically name seven other defendants; eight of the Underlying Lawsuits specifically name six other defendants.

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

The complaint contains one count for declaratory relief against AIG, primarily concerning the issue of whether the 218 individual claims for "property damage," occurring at different times and locations from September 7, 2007 through January 23, 2014, arise from a single or multiple occurrences, and therefore, whether Interline is responsible for more than one $75,000 per occurrence deductible.  (Doc 1, ¶¶ 38, 39, 58, 60).  The individual claims asserted in the Underlying Lawsuits are alleged to exceed $7.8 million in the aggregate, based upon a damage spreadsheet Interline received from the underlying plaintiffs' attorney.  (Doc 1, ¶ 40 & n 2).

It is not alleged that there has been any verdict or judgment against Interline, or any of the other numerous underlying defendants, in any of the Underlying Lawsuits, or that Interline has been determined to be liable for any of the claims alleged in the Underlying Lawsuits or for any of the damages asserted.  It is also not alleged that AIG has denied a defense to Interline.  To the contrary, it is affirmatively alleged that "AIG agreed to defend Interline with respect to some, if not all, of the Underlying Lawsuits under a purported reservation of rights."  (Doc 1, ¶ 45).

The Complaint does not allege a claim for breach of contract or any other cause of action entitling Interline to damages.   Instead, the "wherefore" clause states that Interline "prays for entry of judgment declaring the rights and interests of the parties in the issues and for the reasons described above, and if necessary to provide full relief, <u>awarding damages to Interline to the extent it has paid or agreed to pay any sums which should be borne by some or all of the insurers, interest on such sums</u>[2] as provided by law .... and

_____

[2] All emphasis herein is supplied unless otherwise noted.

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

such other and further relief as may be equitable, just, and proper. " (Doc. 1, p. 15).  The Complaint also does not allege that Interline has paid any sums which should have been paid by AIG.  To the contrary, it states that Interline paid sums which were its own contractual deductible obligation.  (Doc. 1, ¶ 46).

The Complaint identifies the eleven Underlying Lawsuits and attaches the complaints in these eleven lawsuits as Composite Exhibit D.  (Doc 1, ¶ 38).  However, it also seeks a declaration with respect to an <u>unidentified</u> number of <u>unidentified</u> "cases of a like nature" against Interline, which the Complaint refers to as the "Outstanding Claims." (Doc 1, ¶ 36).

In addition to seeking a declaration as to whether there was a single or multiple occurrences (Doc 1, ¶¶ 58, 60), Count I also alleges at paragraph 59, in conclusory manner, that "AIG disagrees with Interline as to:

a)      how, and to what extent, payments by Interline and/or other liable parties exhaust Interline's deductible obligations, to the extent remaining;

b)      how, and to what extent, AIG's obligation to indemnify is to be calculated, including whether one, or more than one, policy is triggered by payment of settlements or judgments, including the role, if any, of policy provisions designed to collapse continuing harm into a single policy period;

c)      when, and under what circumstances, AIG's per-occurrence and aggregate limits exhaust, thus affecting the obligations of Liberty; and

d)      the extent and nature of AIG's defense obligations given resolution of these issues."

Despite the conclusory allegation that there is disagreement on these matters, the Complaint contains no allegations of fact to support such disagreement, nor does it identify or quote any policy provisions which might be at issue, nor any "policy provisions designed to collapse continuing harm into a single policy period[.]"  Notably, AIG's reservation of rights letters, attached to the Complaint as Composite Exhibit E, do not state any disagreement with respect to the matters alleged in paragraph 59 (a) through (d).  (Doc. 1-11, pp. 2 to 17).   The reservation of rights letters are attached hereto as Exhibit A.  The "wherefore" clause apparently seeks a declaratory judgment on both the issue of the number of occurrences and the "issues" set forth in paragraph 59 (a) through (d) in that it states that Plaintiff seeks "entry of judgment declaring the rights of the parties in the issues[.]" (Doc. 1, p. 15).

Paragraphs 54 through 57 allege that the Underlying Lawsuits and Outstanding Claims seek damages covered by the policies and thatAIG is obligated to indemnify Interline with respect to the Underlying Lawsuits and Outstanding Claims.  (Doc 1, p. 11, ¶ 57).  It thus appears that Interline is seeking a declaration as to AIG's duty to indemnify it for the damages sought in the Underlying Lawsuit and other unidentified claims, despite the fact that there has been no determination that Interline is liable for any of the damages sought, let alone a determination as to the basis for such liability.   The Underlying Lawsuits allege various causes of action, including fraudulent concealment. (Doc. 1, p. 7, ¶ 35).   The Plaintiffs in the Underlying Lawsuits and the unidentified claimants in the unidentified "Outstanding Claims" have not been made parties to this action.

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

## MEMORANDUM OF LAW

**I.      Interline's Requests for Damages and for Declaration as to AIG's Obligation to Indemnify Should be Dismissed.**

Interline's requests for damages and for a declaration as to AIG's obligation to indemnify it, *i.e.* to pay for the pending claims, fail to state a claim upon which relief can be granted, are premature, and should be dismissed.

The Complaint does not allege any breach of contract or other cause of action which gives rise to damages and does not even allege that Interline has sustained any damages.  To the contrary, Interline asserts only that it has paid sums within its own contractual deductible obligation (Doc. 1, ¶ 46).  Moreover, the Complaint makes clear that AIG has agreed to and is defending Interline in the Underlying Lawsuits, that the Underlying Lawsuits are still pending, and Interline has <u>not</u> been held liable to the underlying plaintiffs or the other unidentified claimants.  The commercial general liability policies only provide for indemnity when the insured is legally obligated to pay damages:

**COVERAGE A -- BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**

> **a.**      We will pay those sums that the insured becomes legally obligated to pay as damages because of **bodily injury** or **property damage** to which this insurance applies......

(Doc. 1-1, p. 11 of 84).

The only count in the Complaint against AIG is for declaratory relief.   The Declaratory Judgment Act provides that "[f]urther necessary or proper relief based on a

declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202.  The Complaint does not allege any facts which would make an award of damages "further necessary or proper relief" in this declaratory judgment action because there has been no denial of a defense (and thus no defense costs to award) and there has been no verdict or judgment against Interline (and thus no indemnity obligation to be awarded as damages).  *Compare Brice Bldg. Co., Inc. v. Clarendon American Ins. Co., Inc.*, 3:07-CV-196 EMT, 2009 WL 961176 (N.D. Fla. Apr. 8, 2009) (awarding defense costs and amount of judgment previously entered against insured as damages where insurer denied defense and was found to owe a duty to defend and to indemnify the insured for the previously entered judgment).

Because there has been no verdict or judgment against Interline, or a determination of the basis for such verdict or judgment in Underlying Lawsuits (which assert both products liability and fraud), the request for a declaration as to AIG's duty to indemnify Interline in the Underlying Lawsuits and unidentified claims is also premature and should be dismissed.  *See Smithers Const., Inc. v. Bituminous Cas. Corp.*, 563 F. Supp. 2d 1345, 1348 (S.D. Fla. 2008) ("[A]n insurer's duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit."); *Westport Ins. Corp. v. VN Hotel Group, LLC*, 761 F. Supp. 2d 1337, 1348 (M.D. Fla. 2010) ("Except where there is no duty to indemnify for want of a duty to defend, 'an insurer's duty to indemnify is dependent on the outcome of a case, [and] any declaration as to the duty to indemnify is premature unless there has been a resolution of

the underlying claim.'"); *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001) ("Because an insurer's duty to indemnify is dependent on the outcome of a case, any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim."); *National Union Fire Ins. Co. of Pittsburgh, PA v. Beta Const. LLC*, 816 F. Supp. 2d 1256, 1261 (M. D. Fla. 2011) ("The actual coverage, or indemnification issue, however, cannot be resolved until the outcome of the case, whether by a trial to ascertain all of the facts or by a settlement, which inherently considers all the facts."); *Philadelphia Indem. Ins. Co. v. Hamic,* No. 8:12-CV-829-T-26EAJ, 2012 WL 3065379, at *1 (M.D. Fla. Jul. 27, 2012) ("The only exception to finding an indemnification action premature, is 'if [the court] can conclusively determine from the allegations in the complaint that no coverage exists.'"); *IDC Const., LLC v. Admiral Ins. Co.*, 339 F. Supp. 2d 1342, 1351 (S.D. Fla. 2004) ("This Court can assess the duty to indemnify prior to a conclusion in the underlying lawsuit only if it was clear that the allegations in the Underlying Complaint could, under no circumstances, trigger the duty to indemnify."  "Any declaration as to the  duty to indemnify is premature unless there has been a resolution in the underlying lawsuit."); *Southern Coatings, Inc. v. Century Sur. Co.*, No. 07-80558-CIV, 2008 WL 954178, at *5 (S.D. Fla. Apr. 8, 2008) ("'...any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim' .... This conclusion is supported by the additional consideration that a ruling on indemnification by this Court could encroach on the resolution of the ongoing state proceedings. Considerations of comity, federalism and judicial economy all favor letting the state court action proceed unaffected by any rulings

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

on indemnity in this action. Indeed, a finding for Southern Coatings in the state court action would entirely moot the indemnity claim here."); *Axis Surplus Ins. Co. v. Contravest Const. Co.*, 921 F. Supp. 2d 1338, 1344 (M.D. Fla. 2012) ("Furthermore, because there has been no resolution of the underlying suit, a declaration as to Amerisure's duty to indemnify is premature."); *Penn Millers Ins. Co. v. AG-Mart Produce, Inc.*, No. 8:05-CV-1852-T-17TBM, 2006 WL 2864402, at *2 (M.D. Fla. Oct. 5, 2006) ("Bringing before the bench a question of punitive damages indemnification would not settle any controversy (in a state *or* federal setting) because it necessarily follows that the state court must first hand down its ruling in order to proceed with the question of indemnification").

The plaintiffs in the Underlying Lawsuits have not been made a party to this declaratory judgment action. Consequently, this is not a case in which the court might have discretion to determine the issue of the duty to indemnify prior to the resolution of the underlying lawsuit pursuant to the Florida Supreme Court's decision in *Higgins v. State Farm Fire and Cas. Co.*, 894 So. 2d 5 (Fla. 2004). In *Higgins*, the Florida Supreme Court upheld the intermediate appellate court's determination that a liability insurer may bring a declaratory judgment action to determine the duty to indemnify "prior to a determination of the insured's liability in the underlying action <u>so long as the injured plaintiff also was made a party to the declaratory action.</u>" 894 So. 2d at 9. The underlying plaintiff must be made a party to avoid the possibility of inconsistent adjudications, *See State Farm Fire and Casualty Co. v. Higgins*, 788 So. 2d 992, 1003 (Fla. 4th DCA 2001), and the trial court must decide whether to try the underlying

lawsuit or the declaratory judgment action first, after weighing various factors. *Higgins v. State Farm*, 894 So. 2d at 16-18. Because the plaintiffs in the Underlying Lawsuits (and the claimants in the other unidentified claims) have not been made parties to this declaratory judgment action, the issue of indemnity cannot be determined in this declaratory judgment action.

Consequently, this court should dismiss Interline's request for damages in the "wherefore" clause and Interline's request for a declaratory judgment on the duty to indemnify in paragraphs 54 through 57.

## II.   Interline's Request for Declaratory Judgment on AIG's Duty to Defend Should be Dismissed.

As alleged in the Complaint, AIG has not denied a defense but is in fact providing a defense to Interline in the Underlying Lawsuits. (Doc. 1, ¶ 45). Notwithstanding this fact, Interline improperly requests a declaration as to AIG's duty to defend, alleging in paragraphs 54 through 57 that covered claims are alleged and that AIG has a duty to defend, and alleging, in conclusory fashion, at paragraph 59(d) that "AIG disagrees with Interline as to" "the extent and nature of AIG's defense obligations[.]"

The request for declaratory judgment on AIG's duty to defend should be dismissed because the Complaint fails to state any facts which show an actual dispute or controversy. Thus, it fails to state a claim upon which relief may be granted and also fails to assert a claim over which this court would have subject matter jurisdiction. The conclusory allegation that "AIG disagrees with Interline" as to defense obligations is totally insufficient. In order to state a claim upon which relief can be granted, a plaintiff is obligated "to provide the grounds of his entitle[ment] to relief,'" which requires "more

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

than labels and conclusions"; a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007).  To survive a motion to dismiss, a complaint must contain allegations addressed to each material element "necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001).  This material can be either direct or inferential, *see id.*, at 683, but it must be factual.  *Twombly*, 550 U.S. at 554, 127 S.Ct. 1955.  Pleadings that "are no more than conclusions, are not entitled to the assumption of truth[;] they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).

Thus, a conclusory allegation that there is a dispute between an insurer and its insured is not sufficient to state a claim for declaratory relief.  *See Summit Towers Condominium Ass'n, Inc. v. QBE Ins. Corp.*, 798 F. Supp. 2d 1311, 1313 (S.D. Fla. 2011) (declaratory judgment complaint alleging "a dispute" between insurer and insured as to the date the insurer breached the contract and the date the statute of limitations began to run, which did not allege any factual basis for the existence of the dispute, failed to state a valid claim for declaratory relief).  Moreover, where, as here, a liability insurer has not denied a defense, but is providing a defense under reservation of rights, there is no justiciable controversy and the court lacks subject-matter jurisdiction to entertain the insured's complaint for declaratory relief on the duty to defend.  *See Axis Surplus Ins. Co. v. Contravest Const. Co.*, 921 F. Supp. 2d 1338 (M.D. Fla. 2012).  In *Axis Surplus v. Contravest*, Axis Surplus Insurance Company filed a declaratory judgment action to

11

determine whether it had a duty to defend or indemnify its insured, Contravest

Construction Company. The insured filed a third party Complaint against, *inter alia*,

another of its primary commercial general liability insurers, Amerisure, seeking a

declaration as to its duty to defend and indemnify in the underlying lawsuit. 921 F. Supp.

2d at 1341. Amerisure was participating in the insured's defense under reservation or

rights. *Id.* at 1342. Amerisure moved to dismiss on the ground that the court lacked

subject matter jurisdiction as Contravest had not presented a justiciable issue. *Id.* at

1341. The court granted the motion to dismiss, explaining that there was no jurisdiction

because there was no actual controversy as Amerisure was providing a defense under

reservation of rights:

> "The federal courts are confined by Article III of the Constitution
> to adjudicating only actual 'cases' and' controversies.'" *Molowney v. Fed.
> Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th. Cir. 1999) (quoting
> *Allen v. Wright*, 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L.Ed.2d 556
> (1984)). In recognition of this limitation, the Declaratory Judgment Act,
> 28 U.S.C. § 2201, specifically limits jurisdiction to "actual
> controvers[ies]." 28 U.S.C. § 2201(a). Therefore, "[i]n all cases arising
> under the Declaratory Judgment Act, the threshold question is whether a
> justiciable controversy exists." *Atlanta Gas Light Co. v. Aetna Cas. &
> Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995) (internal citation omitted).
>
> ... Thus, "[t]he party who invokes a federal court's authority must
> show, at an 'irreducible minimum,' that at the time the complaint was filed,
> he has suffered some actual or threatened injury resulting from the
> defendant's conduct, that the injury fairly can be traced to the challenged
> action, and that the injury is likely to be redressed by favorable court
> disposition." *Atlanta Gas Light,* 68 F.3d at 414 (quoting *U.S. Fire Ins. Co.
> v. Caulkins Indiantown Citrus Co.*, 931 F.2d 744, 747 (11th Cir. 1991)).
> Furthermore, if the party's concern is the threat of future injury, "[t]here
> must be a substantial likelihood that the plaintiff will suffer [such] future
> injury: a 'perhaps' or 'maybe' chance is not enough." *Malowney*, 193 F.3d
> at 1347. Indeed, even a "well-founded" concern is insufficient to create a
> justiciable controversy if it is based on speculation. *Atlanta Gas Light*, 68
> F.3d at 415.

***

Ultimately, the issues regarding Amerisure's duty to defend and duty to indemnify do not create justiciable controversies because Amerisure has not yet denied any coverage to the Insureds. ....

***

Like the insurers in *Atlanta Gas Light*, Amerisure has not yet denied any coverage to the Insureds.  <u>On the contrary, Amerisure is continuing to defend the Insureds in the underlying suit and does not dispute its duty to do so</u>.  The Insureds argue that there is an imminent threat of Amerisure denying coverage because Amerisure is defending the Insureds under a reservation of rights.  <u>A reservation of rights, however, is insufficient to create a substantial likelihood that the Insureds will suffer injury</u>; it merely creates the possibility that such an injury could occur.  As noted previously, this sort of "maybe" or "perhaps" chance of injury is not sufficient to create a justiciable controversy. *Malowny*, 193 F.3d at 1347.  Like AGL, the Insureds here are attempting to preempt Amerisure's potential actions.

921 F. Supp. 2d at 1343-44.

Consequently, because there has been no denial of a defense and no facts stated which give rise to any actual controversy, the request for declaratory relief on AIG's duty to defend should be dismissed.

**III.  Interline's Additional Requests for Declaratory Relief in Paragraph 59 (a) through (c) should be Dismissed.**

Subparagraphs (a) through (c) of paragraph 59 allege in conclusory fashion that there is disagreement on:

> a)      how, and to what extent, payments by Interline and/or other liable parties exhaust Interline's deductible obligations, to the extent remaining;

> b)      how, and to what extent, AIG's obligation to indemnify is to be calculated, including whether one, or more than one, policy is triggered by payment of settlements or judgments, including the role, if any, of policy provisions designed to collapse continuing harm into a single policy period;

13

c)      when, and under what circumstances, AIG's per-occurrence and aggregate limits exhaust, thus affecting the obligations of Liberty;

These conclusory allegations are devoid of any factual allegations to support them.  Indeed, the reservation of rights letters attached to the Complaint do not mention or refer to any of the matters alleged in these subparagraphs.  The conclusory allegations do not state a claim upon which relief may be granted or the existence of any actual controversy between the parties within this court's subject matter jurisdiction, and thus, these requests for declaratory relief, should be dismissed.  *Bell Atl. Corp. v. Twombly*, *supra*; *Ashcroft v. Iqbal*, *supra*; *Summit Towers Condominium v. QBE*, *supra*; *Axis Surplus Ins. Co. v. Contravest Const. Co., supra*.

## IV.    In the Alternative, Interline Should be Ordered to Provide More Definite Statements Concerning the Allegations in Paragraph 59 (a) through (c).

Should this court not dismiss the requests for declaratory relief in subparagraphs (a) through (c) of paragraph 59, then the court should order Interline to provide more definite statements as to these allegations because they are so vague and ambiguous that AIG cannot reasonably prepare a response.  *See* Fed. R. Civ. P. 12(e).

Subparagraph (a) alleges a dispute concerning, and seeks the court to declare "how, and to what extent, payments by Interline and/or other liable parties exhaust Interline's deductible obligations, to the extent remaining[.]"  As noted above, there are no factual allegations as to the existence of an alleged dispute on this matter and the allegation is so vague and ambiguous that AIG is unable to formulate a response.

Subparagraph (b) alleges a dispute concerning, and seeks the court to declare "how, and to what extent, AIG's obligation to indemnify is to be calculated, including whether one, or more than one, policy is triggered by payment of settlements or judgments, including the role, if any, of policy provisions designed to collapse continuing harm into a single policy period."  The pleading is devoid of supporting factual allegations and is vague and ambiguous as to what, if any, dispute exists and what policy provisions are sought to be interpreted.  No specific policy provision is cited or even referred to, other than a vague reference to "policy provisions designed to collapse continuing harm into a single period."

Subparagraph (c) alleges a dispute concerning, and seeks the court to declare "when, and under what circumstances, AIG's per-occurrence and aggregate limits exhaust, thus affecting the obligations of Liberty."  This allegation is also devoid of any supporting factual allegations and is so vague and ambiguous as to what it means that AIG cannot reasonably form a response.

Where, as here, the pleading is devoid of facts supporting its vague and ambiguous allegations, a more definite statement should be ordered.  *See Taylor v. Greene*, No. 08-81054-CIV, 2010 WL 5248502, at *2 (S. D. Fla. 2010) ("[A] pleading is insufficient if a defendant does not know the basic facts that constitute the claim for relief against it.  Such detail should not be left to discovery, for the 'purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists.'"); *Schlotter v. Walsh*, No. 6:05-CV-277-ORL-22KRS, 2005 WL 1051183, at *3

(M.D. Fla. Apr. 28, 2005) (Where "complaint is so devoid of facts" defendant is entitled to receive a more definite statement).

Consequently, Interline should be ordered to provide more definite statements setting forth the facts from which it alleges a dispute, setting forth the specific policy provisions allegedly at issue, the alleged facts that relate to the alleged dispute, and specifically what declarations it seeks, including but not limited to the specifics of an alleged dispute between AIG and Interline concerning the matters attempted to be alleged.

**V.      Interline Should be Required to Provide a More Definite Statement with Respect to the Unidentified Number of Unidentified Other Claims for Which it Seeks Declaratory Relief.**

In addition to identified lawsuits and claims, paragraph 36 of the Complaint alleges that there are "numerous other cases of a like nature relating to property damage incurred as a result of allegedly defective water supply lines," referred to by Interline as "Outstanding Claims," and Interline seeks declaratory relief with respect to these unidentified claims as well.  (Doc. 1, Count I, ¶¶ 56-61).  The Complaint does not contain facts identifying the claims, including but not limited to, the claimant, the location of the alleged damage, the date of the alleged damage, the property allegedly damaged, and whether any lawsuit has been filed against Interline with respect to the unidentified claims.

This allegation is so vague that AIG is unable to reasonably prepare a response as to these unidentified claims.   Among other things, AIG is unable to determine its response to the allegations that (a) the unidentified claims seek damages for "property

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

damage" occurring during the policy period and caused by an "occurrence" (Doc 1, ¶ 55), (b) that no exclusions apply to these unidentified claims (Doc 1, ¶ 56), and (c) that AIG has coverage obligations for the unidentified claims (Doc 1, ¶ 57).

Consequently, Interline should be ordered to provide a more definite statement with respect to the unidentified number of unidentified claims, specifically identifying the claimant, the location of the claim, the date of the alleged "property damage", the property allegedly damaged, the damages sought against Interline, the theory of recovery against Interline, whether a lawsuit has been filed, and if so identifying information concerning the lawsuit and a copy of the complaint. *See* Fed. R. Civ. P. 12(e); *Taylor v. Greene*, No. 08-81054-CIV, 2010 WL 5248502, at *2 (S.D. Fla. 2010) ("[A] pleading is insufficient if a defendant does not know the basic facts that constitute the claim for relief against it.  Such detail should not be left to discovery, for the 'purpose of discovery is to find out additional facts about a well- pleaded claim, not to find out whether such a claim exists.'"); *Schlotter v. Walsh*, No. 6:05-CV-277-ORL-22KRS, 2005 WL 1051183, at *3 (M.D. Fla. Apr. 28, 2005) (Where "complaint is so devoid of facts" defendant is entitled to receive a more definite statement).

### CONCLUSION

For the foregoing reasons, AIG Specialty Insurance Company requests the following relief: (1) an order dismissing Plaintiff's request for damages in the "wherefore" clause; (2) an order dismissing Plaintiff's request for a declaration as to the duty to indemnity (¶¶ 54-57); (3) an order dismissing Plaintiff's request for a declaration on the duty to defend (¶¶ 54-57 and 59(d)); (4) an order dismissing Plaintiff's request for

declaratory relief with respect to the matters alleged in paragraph 59 (a) through (c) of the Complaint; (5) in the alternative, an order requiring Plaintiff to provide more definite statements with respect to the matters alleged in paragraph 59 (a) through (c); and (6) an order requiring Plaintiff to provide a more definite statement with respect to the unidentified cases or claims against Interline mentioned in paragraph 36 of the complaint.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 3.01(g), I hereby certify that I have conferred in good faith with Arya Attari, Esq., counsel for Plaintiff, in a good faith effort to resolve the motion for more definite statement as to paragraphs 36 and 59(a)-(c) of the Complaint, but the parties have been unable to agree on the resolution of the motion.

Respectfully submitted,

By:     s/ Irene Porter
        IRENE PORTER
        Florida Bar No. 567280
        Hicks, Porter, Ebenfeld & Stein, P.A.
        799 Brickell Plaza, Suite 900
        Miami, FL  33131
        Tel:    305/374-8171
        Fax:    305/372-8038
        Email: iporter@mhickslaw.com
        Email: eclerk@mhickslaw.com
        *Counsel for AIG SPECIALTY*
        *INSURANCE COMPANY, f/k/a Chartis*
        *Specialty Lines Insurance Company, f/k/a*
        *American International Specialty Lines*
        *Insurance Company*

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this **30th** day of **May, 2014** the foregoing was filed

using the Court's CM/ECF system that will serve a copy on:

Arya Attari, Esq.
Ashley B. Hacker, Esq.
Christopher T. Kuleba, Esq.
Richard Hugh Lumpkin, Esq.
Ver Ploeg & Lumpkin, P.A.
100 SE 2nd Street, 30th Floor
Miami, FL  33131-2158
Tel:     305/577-3996
Fax:     305/577-3558
aattari@vpl-law.com
ahacker@vpl-law.com
ckuleba@vpl-law.com
rlumpkin@vpl-law.com


Frank Morreale, Esq.
Nelson, Mullins, Riley & Scarborough
50 N. Laura Street, Suite 2850
Jacksonville, FL 32202
Phone: 904-665-3651
Fax: 904-665-3699
Email: frank.morreale@nelsonmullins.com


BY:      s/ Irene Porter
         IRENE PORTER
         Florida Bar No.:  567280

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038